**Marquis Aurbach**
Tye S. Hanseen, Esq.
Nevada Bar No. 10365
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
thanseen@maclaw.com
  Attorneys for Plaintiffs
  Aljoshua and Cheryl Rullan

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ALJOSHUA RULLAN, an individual, and CHERYL RULLAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JONG MIN RHEE (aka JOHN LUSSO); LUSSO AUTO, LLC, a Nevada limited liability company, dba LUSSO AUTO SPA & DESIGN and LUSSO AUTO DESIGN; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case Number:<br><br><br>__VERIFIED COMPLAINT__ |

Plaintiffs Aljoshua Rullan and Cheryl Rullan ("Plaintiffs"), through the law firm of Marquis Aurbach, allege and complains as follows:

### PARTIES

1.    Aljoshua Rullan is and was at all times relevant herein, a California resident.

2.    Cheryl Rullan is and was at all times relevant herein, a California resident.

3.    Jong Min Rhee (aka John Lusso) ("John") is and was at all times relevant herein a Nevada resident. Lusso Auto, LLC ("Lusso") is and was at all times relevant herein a Nevada limited liability company doing business as Lusso Auto Spa & Design and/or Lusso Auto Design.

4.    The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

Defendants are responsible for damages suffered by Plaintiffs and, therefore, Plaintiffs sue said Defendants by such fictitious names. Plaintiffs will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

**JURISDICTION AND VENUE**

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000 (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

**GENERAL ALLEGATIONS**

**PLAINTIFFS' PURCHASE OF FORD TRUCK**

7. On November 27, 2020, Plaintiffs started communicating with Josh (John's employee or associate) to negotiate the purchase of a custom built 2019 Ford F-350 dually (the "Ford Truck").

8. On December 4, 2020, per John's direction, Josh drove from Las Vegas to Southern California to show Plaintiffs the Ford Truck for purchase.

9. Josh and Plaintiffs met in Fontana, CA at the Chase Bank to look over the Ford Truck and, if Plaintiffs' inspection was acceptable, they would arrange to wire Defendants the funds to pay for the Ford Truck.

10. Plaintiffs inspected the Ford Truck and found it to be acceptable for their purposes and needs and, as a result, wired Defendants Eighty-Five Thousand Dollars and 00/100 ($85,000.00).

**AFTER TAKING PLAINTIFFS' MONEY, DEFENDANTS FAIL TO PROVIDE THE TITLE TO THE FORD TRUCK AND STOP COMMUNICATING WITH PLAINTIFFS**

11. Soon after Plaintiffs' wire transfer to purchase the Ford Truck, Josh stopped responding to Plaintiffs' inquiries.

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

12. Plaintiffs became concerned because they had not yet received the title to the Ford Truck from Defendants.

13. On or about January 16, 2021, Plaintiffs emailed John to explain to him that Plaintiffs were the ones who purchased the Ford Truck, did not have a title, and could no longer get into contact with Josh.

14. John responded to the Plaintiffs providing his contact information and letting Plaintiffs know he was the owner of the Lusso related companies and to call and text him.

15. Plaintiffs began texting John the same day—January 16, 2021—to work to acquire the title to the For Truck.

16. John apologized for the lack of communication explaining Josh had a family emergency.

17. Plaintiffs explained to John that they had not yet received the title to the Ford Truck or a promised second key to the truck.

### THE DEFENDANTS' COMMENCEMENT OF A LENGTHY CHAIN OF MISREPRESENTATIONS, DECEIT AND DELAY

18. At this time, John falsely represented to Plaintiffs that he paid off the lessor bank for the Ford Truck.

19. John also falsely represented that he needed, and had been waiting for, Plaintiffs' information to process the title information, which was not true because the truck had never been paid off.

20. John asked Plaintiffs for the name, address, and email to be associated with the title so that it could be sent from the Nevada DMV.

21. John falsely represented he would be "back" on Monday January 18, 2021 in the evening and would complete/process the title on Tuesday January 19, 2021.

22. John falsely represented that it would take a maximum of two-three weeks for Plaintiffs to receive the title.

23. John apologized to Plaintiffs and falsely represented to Plaintiffs that the process of providing the title would go much faster now.

Page 3 of 23

MAC:16880-001 4679367_3

24. On February 10, 2021, John texted Plaintiffs and falsely represented his assistant had not yet had a chance to Federal Express Plaintiffs the title and falsely represented that the title would be sent to Plaintiffs by Friday February 12, 2021.

25. John did not send the title to Plaintiffs by February 12, 2021.

26. On February 15, 2021, John advised Plaintiffs that Josh was no longer with John and conceded that he had not yet sent the title and related paperwork. The reason John gave for not yet sending the title was that he had not yet received the title himself.

27. At this time, John falsely represented that he had ordered a duplicate title, which would be arriving any day.

28. Plaintiffs expressed concerns to John over how the transaction was being handled.

29. Plaintiffs explained to John that they desired the transaction to be completed in a timelier manner. Plaintiffs reiterated that they had already allowed ample time for Defendants to obtain the title and asked for a timeframe by which the transaction would be completed.

30. John attempted to excuse Defendants actions and handling of the transaction by asserting Josh was no longer an employee and falsely represented that he had all of the necessary DMV paperwork to be sent out as soon as the title arrived and that it would not take much longer.

**THE DEFENDANTS' MISREPRESENTATIONS, DECEPTION AND DELAY CONTINUE INTO MARCH AND APRIL 2021**

31. Another month came and went without Defendants providing the title to the Ford Truck.

32. On March 15, 2021, Plaintiffs contacted John again inquiring about the title and also a promised towing hitch. Plaintiffs explained to John that it been a month since their last communications and the title still had not been provided.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

33.    John represented he had not been in town due to traveling and would follow up on the title and the hitch. John falsely represented he had applied for a duplicate title in February.

34.    Ten days later, on March 25, 2021, Plaintiffs contacted John stating they had not heard from him since the last time they communicated and John represented he would follow up regarding the hitch and the title.

35.    John called Plaintiffs the night of March 25, 2021 and agreed to send the hitch and spare key to Plaintiffs, but informed he still did not possess the title.

36.    Plaintiffs expressed that it should not take this long to obtain a title after paying of the lien. John responded that he did not know why it was taking so long to obtain the title since he had sent a cashier's check to the lien holder, which was not true.

**THE DEFENDANTS' MISREPRESENTATIONS, DECEPTION AND DELAY CONTINUE INTO THE SUMMER OF 2021 WHILE THE POLICE THREATEN TO TOW THE FORD TRUCK FOR LACK OF REGISTRATION**

37.    Another month came and went.

38.    On May 4, 2021, Plaintiffs reached out to John regarding the title. John represented that he was traveling again, would not be home until the following week, and falsely represented he would contact Plaintiffs when he returned.

39.    On May 12, 2021, Plaintiffs again reached out to John asking whether the DMV had sent John the title to the Ford Truck. John did not respond.

40.    On May 17, 2021, Plaintiffs followed up again with John again inquiring whether the title had been received. John represented that he had not yet received the title, but made an appointment with the DMV for June 7, 2021 because he was also missing two other titles for vehicles.

41.    At this time, John still had not paid off the lessor bank and falsely represented that he was going to the DMV to obtain a title for the Ford Truck.

42.    On June 3, 2021, a police officer arrived at Plaintiffs' front door to their residence asking about their truck and trailer being parked in the street and asking for them to be moved.

MAC:16880-001 4679367_3

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

43. On information and belief, the police officer "ran" the VIN for the Ford Truck and discussed the fact it was not registered with Plaintiffs, which prompted a discussion between the police officer and Plaintiffs regarding the dealings with John.

44. The police officer expressed concern about Defendants defrauding Plaintiffs and provided lien holder information for the Ford Truck to Plaintiffs. The police officer also indicated that if the Ford Truck was not registered within the next week that they may decide to tow it.

**PLAINTIFFS CONFIRM WITH THE LIEN HOLDER THAT DEFENDANTS, DESPITE TAKING $85,000 FROM PLAINTIFFS ALMOST SIX MONTHS EARLIER, STILL HAVE NOT SATISFIED THE LIEN ON THE FORD TRUCK**

45. Using the information the police officer provided for the lien holder, Plaintiffs contacted the lien holder and inquired whether Defendants had paid off the Ford Truck as John had represented.

46. The lien holder informed Plaintiffs that the truck had not been paid off as John represented.

47. Plaintiffs immediately contacted John and explained the circumstances with the police officer and requesting that the Ford Truck be registered immediately to avoid being towed and impounded, as the title had not yet been provided.

48. Plaintiffs also questioned John as to why the Ford Truck was not paid off as he previously falsely represented it was. John did not respond.

49. On June 4, 2021, Plaintiffs asked to speak with John on the telephone and, after connecting, explained that the truck needed to registered and the title needed to be provided. John represented that Plaintiffs would need to have the Ford Truck smogged and John would handle the rest.

50. On June 9, 2021, Plaintiffs had the Ford Truck smogged and, on June 15, 2021, overnighted the smog test results to John so he could register the Ford Truck so it would not be towed.

51. On June 16, 2021, Plaintiffs contacted John to ensure he had received the smog test results. Plaintiffs also inquired as to whether John had paid off the lien to the truck

MAC:16880-001 4679367_3

and asked for the registration for the Ford Truck to be handled by no later than Friday June 18, 2021.

52.    John indicated he would look for the smog test results and would handle the registration.

53.    John also falsely represented that he was waiting for the lien holder to contact him and, as soon as they did, John would provide proof of the wire paying off the lien.

54.    John falsely represented the pay-off would happen "any day now" and he would notify the Plaintiffs as soon as the registration and title were completed and in-hand.

55.    John did not provide proof of any wire transfer to Ford or a related pay off.

56.    On June 17, 2021, John contacted Plaintiffs to inform the registration had been handled and he would overnight the license plates to Plaintiffs, which was to prevent the truck from being towed for lack of registration.

57.    On June 18, 2021, Plaintiffs received the license plates.

**DEFENDANTS CALCULATED MISREPRESENTATIONS AND DECEIT CONTINUE THROUGH THE SUMMER AND INTO FALL OF 2021**

58.    On July 8, 2021, Plaintiffs contacted John and informed they still had not heard anything about paying off the lien or receiving the title.

59.    John falsely represented the lien holder had signed the pay off documents and John was going to sign them the following Tuesday, July 13, 2021.

60.    John falsely represented the lien holder should have received the wire transfer of funds paying off the lien, but he did not yet have confirmation of receipt.

61.    John falsely represented he would confirm the lien holder's receipt of the wire transfer the following day, July 9, 2021.

62.    On August 3, 2021, Plaintiffs contacted John to see if he paid off the lien on the Ford Truck and whether the title was in transit.

63.    John falsely represented his assistant had sent the lien holder a cashier's check to pay off the lien, but he had not yet received the title.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3

64. John falsely represented he would follow up on the pay off and title statis and update the Plaintiffs as soon as possible.

65. On August 5, 2021, Plaintiffs contacted John to follow up again regarding the status of the title. John indicated he did not yet have the title and falsely represented that the pay off was being processed. John represented the title could take 30-60 days to receive, but that it would be overnighted to Plaintiffs as soon as it was received.

66. Another month came and went.

67. On September 6, 2021, Plaintiffs contacted John regarding the status of the title. John responded that he was out of town and would not return until Friday September 10, 2021, at which point he would update Plaintiffs.

68. John did not contact Plaintiffs.

69. On September 13, 2021, Plaintiffs contacted John and inquired as to why John never got back to Plaintiffs as he indicated he would and whether he had received the title. John responded that he had not seen the title and would follow up regarding the status as soon as possible.

70. On September 15, 2021, Plaintiffs contacted John to inquire whether he had received the title (since he said it would take 30-60 days).

71. John represented that he works on the east coast during the week, would be returning on Friday September 17, 2021, and he would see if the title was received as soon as he returns.

72. Unbeknownst to Plaintiffs, on September 18, 2021, Lusso Auto, LLC files a voluntary petition for Chapter 11 bankruptcy, which the Bankruptcy Court later dismissed. Plaintiffs were not notified of the bankruptcy and were not identified as creditors.

73. On September 20, 2021, Plaintiffs contacted John because John never contacted Plaintiffs like he said he would. Plaintiffs reminded John that it had been two months already, and Plaintiffs still did not have the title.

74. On September 21, 2021, John contacted Plaintiffs and indicated titles were taking 45-90 days to process so the title to the Ford Truck should be arriving any day. John

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3

falsely represented that he had been checking the mail and even his home mail to see if the title had arrived.

75.    Plaintiffs advised John he would like to see proof of the lien being satisfied. John falsely represented providing confirmation of the pay off would not be a problem and that it would be provided the following week.

76.     On September 27, 2021, Plaintiffs contacted John advising he had never received confirmation of the pay off and that John's actions were not acceptable.

77.    John falsely represented that as soon as his assistant tracked down a copy of the lien pay off it would be provided.

78.    Plaintiffs advised that he reviewed Nevada's requirements for an expedited title and wanted John to follow the related process to obtain the title. John falsely represented that he would handle obtaining the expedited title the same week.

79.    On or about September 29, John and Plaintiffs spoke on the phone. John advised he was going through bankruptcy and that was the reason the pay off related to the Ford Truck had been delayed. John represented he had to wait for the Bankruptcy Court to approve the pay off of the truck. John falsely represented the lien holder received the cashier's check paying off the lien, but could not process it due to the bankruptcy.

80.    On October 1, 2021, Plaintiffs again spoke with John. John falsely represented he would have the title on December 4, 2021 and was simply waiting on approval from the Bankruptcy Court. John represented that he would pay the taxes on the truck when the title was transferred to Plaintiffs.

81.    On October 20, 2021, Plaintiffs contacted John and inquired as to any updates, whether the lien holder had returned the pay off check, and whether the process of satisfying the lien had been started. John represented the situation was still being negotiated by the lien holder and his attorneys, which John represented was looking good.

82.    On November 15, 2021, Plaintiffs contacted John to ask for any updates and, specifically, whether the payment for the pay off was being processed or finalized. John falsely represented the situation was on track to have everything finalized by December 21,

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3

2021, which was after the previously represented date of December 4. Plaintiffs inquired whether the title would be provided by December 21 or whether the lien would be paid off by December 21. John responded the lien would be resolved by December 21 and he believed the Bankruptcy Court had the title.

**DEFENDANTS CONTINUE FORWARD WITH THEIR MISREPRESENTATIONS, THE BANKRUPTCY COURT DISMISSES THE BANKRUPTCY, AND THE LIEN HOLDER REPOSSESSES THE FORD TRUCK**

83.     On December 10, 2021, the bankruptcy trustee filed a Motion to Dismiss Lusso Auto, LLC's Chapter 11 bankruptcy for failure to file monthly operating reports, failure to attend the continued meeting of creditors, and failure to prosecute the bankruptcy.

84.     On December 13, 2021, Plaintiffs contacted John to inquire regarding any updates, as December 21 was approaching and Plaintiffs wanted to make sure everything remained on track for December 21.

85.     On December 15, 2021, Plaintiffs asked for a phone call with John. John represented that he would contact Plaintiffs toward the end of the day.

86.     On December 16, 2021, John contacted Plaintiffs. John falsely represented his court date to negotiate the pay off of the truck was January 4, 2021, at which time everything related to the Ford Truck would be resolved, there would be no more hiccups, and that both the lien holder and the Bankruptcy Court agreed Defendants could pay off the lien related to the Ford Truck.

87.     John falsely represented that on January 11, 2022 the lien would be paid off and the title would be acquired and sent to Plaintiffs.

88.     On January 1, 2022, the lien holder repossessed the Ford Truck at Plaintiffs' home around 4:45 a.m.

89.     Plaintiff Aljoshua was very sick during this time. He asked the company repossessing the vehicle if he could remove his things from the truck and advised he would provide the key because he was very ill and was not in a state of mind to competently handle the situation. A few days or so later, Plaintiff Aljoshua was hospitalized due to having COVID pneumonia.

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

90.    Plaintiffs contacted John on January 1, 2022 and advised him the lien holder had repossessed the Ford Truck. John represented that the Ford Truck should not have been repossessed since they were in negotiations to pay off the lien related to the Ford Truck. John represented he would have additional information on Monday January 3, 2022.

91.    On January 3, 2022, Plaintiffs contacted John to see what he was able to find out. John indicated his attorney was in court and would get back to him soon.

92.    On January 4, 2022, Plaintiffs followed up with John to try and determine what happened to the Ford Truck. John represented his attorney was engaged in discussions with the lien holder's attorney to try and locate the Ford Truck.

93.    On January 9, 2022, Plaintiffs contacted John to determine the status of the negotiations with the lien holder. Plaintiffs reminded John that it was almost January 11, the new date which John represented the lien would be paid off. John indicated he had no updates to provide.

94.    On January 13, 2022, John advised Plaintiffs they still did not have any updates and that his attorney was going to get in touch with him on Monday January 17, 2022.

95.    John falsely represented that after the creditor meeting, he had to touch base with the lien holder related to paying off the lien on the Ford Truck, the lien holder had not yet made a decision, and they had to wait until a decision was made.

96.    On January 14, 2022, pursuant to the bankruptcy trustee's December 10, 2021 Motion to Dismiss, the Bankruptcy Court dismissed Lusso Auto, LLC's case.

**THE DEFENDANTS' MISREPRESENTATIONS, DELAY, AND DECEIT CONTINUE INTO 2022**

97.    On January 21, 2022, Plaintiffs contacted John to attempt to determine what should be done to press forward—Plaintiff Aljoshua had just been released from being in the hospital for eight days.

98.    On January 22, 2022, Plaintiffs and John participated in a video call to discuss the circumstances surrounding the Ford Truck. John represented that he did not

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

understand why the Ford Truck was repossessed, that the lien holder did not have the right to repossess the Ford Truck, that the lien holder's attorney did not order the Ford Truck to be repossessed, and that they did not where the Ford Truck was located.

99.    John represented there was approximately Thirty-Two Thousand left to pay on the lien when Plaintiffs purchased it.

100.    Plaintiffs advised John that he had until Wednesday January 26, 2022 to determine where the Ford Truck was located and, if the Ford Truck could not be located, then John would be responsible for replacing the Ford Truck with a comparable one. John agreed.

101.    On January 26, 2022, John advised that the lien holder's attorney did not know where the Ford Truck was located, that John was the only one who had authority to repossess the Ford Truck, and he did not understand why it was repossessed.

102.    Plaintiffs explained that John needed to move forward and begin to start building a replacement truck since John could not find the repossessed Ford Truck. John indicated he would contact the lien holder's representative to ask when he could expect to receive the Ford Truck.

103.    On January 28, 2022, John still did not have an answer as to where the Ford Truck was or when it be returned. Plaintiffs inquired of John as to when a new truck could be built to replace the one that was repossessed. John responded that his rep would be calling him back on the trucks available.

104.    Plaintiffs and John discussed alternatives to resolve the dispute. Plaintiffs went so far as to have generally agreed on terms put into a Settlement Agreement. The Settlement Agreement allowed John two (2) business days from execution of the Settlement Agreement to pay Plaintiffs a specific amount in certified funds. Alternatively, John would have until February 28, 2022 to recover the Ford Truck, provide the title to the truck, and pay the taxes and registration. As a third alternative, John would have until July 31, 2022 to replace the repossessed Ford Truck with a free and clear truck Plaintiffs agreed was

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

comparable with similar aftermarket upgrades. If none of these three events occurred by July 31, 2022, Plaintiffs would be allowed to enter a related confession of judgment.

105. John refused to sign the documents citing advice of his attorney.

## FIRST CLAIM FOR RELIEF

### (Fraud/Intentional Misrepresentation-All Defendants)

106. Plaintiffs repeat and reallege the paragraphs above as though fully stated herein.

107. John personally and on behalf of the other Defendants intentionally made multiple misrepresentations to Plaintiffs with full knowledge the representations would not come to fruition.

108. John made the misrepresentations to induce Plaintiffs to provide money, to induce Plaintiffs from taking action, and to induce Plaintiffs to be comfortable providing additional time to John and the other Defendants while he continued to defraud them.

109. John intended on delaying the matter from coming to a head and continued to string along Plaintiffs when he had no intention of paying off the lien to the Ford Truck, returning Plaintiffs' money, or providing the title.

110. John knew that the false representations were indeed false at the time he made them because he never intended for the representations to come to fruition.

111. John intended for Plaintiffs to rely on his representations so that he could retain their funds for other purposes and acquire more time to continue to delay the resolution of the matter.

112. Plaintiffs justifiably relied on John's representations to his detriment.

113. Plaintiffs were unaware of the falsity of John's representations.

114. Despite promises to do so, John has not provided the Ford Truck, a clear title, a free and clear comparable truck, or the return of Plaintiffs' funds.

115. Plaintiffs communicated with John multiple times, even multiple times a week on occasion, over a period of multiple months and John continued to make promises he never intended to fulfill.

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

116. John targeted Plaintiffs, concocted the scheme to take their money, and used their money for other purposes.

117. John intended for Plaintiffs to rely on his representations so that he could continue forward with his scheme.

118. Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

119. As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

120. Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract-Lusso)

121. Plaintiffs repeat and reallege the paragraphs above as though fully stated herein.

122. Lusso entered into an agreement with Plaintiffs related to the sale of the Ford Truck.

/ / /

/ / /

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

123. In consideration of $85,000 and other valuable consideration, which Lusso acknowledged the receipt of, Lusso agreed to transfer, sell, and deliver to Plaintiffs all right, title, and interest in the Ford Truck.

124. Lusso also certified that they were the lawful owner of the Ford Truck and had the right to sell the Ford Truck.

125. Lusso did not identify a lien holder and Plaintiffs were unaware of any lien holders at the time of purchase.

126. Lusso failed to comply with the terms of the agreement between the parties.

127. Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

128. As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

129. Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

### THIRD CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith & Fair Dealing-Lusso)**

130. Plaintiffs repeat and reallege the paragraphs above as though fully stated herein.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3

131.   In Nevada, every contract contains an implied covenant of good faith and fair dealing.

132.   Given that every contract contains an implied covenant of good faith and fair dealing, Lusso owed Plaintiffs a duty of good faith and fair dealing arising from the purchase and related sale of the Ford Truck.

133.   Lusso breached this duty when they acted in bad faith.

134.   Lusso acted in bad faith, in part, because they to Plaintiffs' money, used it for purposes other than to pay off the Ford Truck, and made numerous misrepresentations about paying off the Ford Truck and providing the related title pursuant to the agreement.

135.   Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

136.   As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

137.   Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

### FOURTH CLAIM FOR RELIEF

**(Unjust Enrichment-All Defendants)**

138.   Plaintiffs repeat and reallege the paragraphs as though fully stated herein.

Page 16 of 23

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3

139.   In the event it is determined that there was no agreement between the parties, Plaintiffs alternatively alleges this cause of action for unjust enrichment.

140.   A benefit was conferred on Defendants when they took $85,000 from Plaintiff.

141.   Defendants appreciated this benefit because they took the $85,000 and used it for purposes other than paying off the Ford Truck lien holder.

142.   The lien holder repossessed the Ford Truck.

143.   Defendants accepted and retained the benefit under circumstances where it would be inequitable for them to retain the benefit of the $85,000 without payment of value for the benefit.

144.   Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

145.   As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

146.   Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16880-001 4679367_3

**FIFTH CLAIM FOR RELIEF**

**(Civil Conspiracy-All Defendants)**

147.   Plaintiffs repeat and reallege the paragraphs above as though fully stated herein.

148.   Defendants acted together to achieve the unlawful objective of defrauding Plaintiffs with regard to the $85,000 and the Ford Truck.

149.   Defendants, pursuant to an agreement between each of them, acted in concert by agreeing to achieve or bring about the unlawful objectives.

150.   Defendants, through their association with one another, intended to accomplish the unlawful objective for the purpose of harming Plaintiffs.

151.   In commission of their unlawful objective, Defendants made multiple fraudulent misrepresentations to Plaintiffs.

152.   Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

153.   As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

154.   Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## SIXTH CLAIM FOR RELIEF

### (Conversion)

155. Plaintiffs repeats and realleges the paragraphs above as though fully stated herein.

156. Defendants committed a distinct act of dominion wrongfully exerted over Plaintiffs' $85,000 when they took the money in exchange for the Ford Truck, never paid off the lien to the Ford Truck, the Ford Truck was repossessed, and never returned the consideration Plaintiffs paid for the Ford Truck.

157. Once paid, Defendants had exclusive control over Plaintiffs' $85,000 and all decisions related to the handling of the $85,000 and the lien on the Ford Truck.

158. Defendants knowingly retained the $85,000 and used it for purposes other than to fulfil their agreement with Plaintiffs.

159. At no time were Defendants authorized to take the $85,000 without providing free and clear title to the Ford Truck.

160. Plaintiffs made repeated demands on Defendants, but Defendants simply made misrepresentations and essentially disregarded Plaintiffs' requests.

161. These actions, as well as those detailed throughout this Complaint, were in denial of, or at least inconsistent with, Plaintiffs' rights.

162. Indeed, Defendants' actions were in derogation, exclusion, and/or defiance of Plaintiffs' rights in the $85,000 and/or Ford Truck.

163. Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

164. As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

MAC:16880-001 4679367_3

165. Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

### SEVENTH CLAIM FOR RELIEF

#### (Concert of Action)

166. Plaintiffs repeat and reallege the paragraphs above as though fully stated herein.

167. Defendants acted together to commit a tort, as outlined above, while acting in concert and/or pursuant to a common design.

168. Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

169. As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

170. Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Relief/Judgment)

171.    Plaintiffs repeat and reallege the paragraphs above as though fully stated herein.

172.    A valid and existing controversy exists between Plaintiffs and Defendants because Defendants took Plaintiffs' money, failed to deliver on their promises, made a myriad of misrepresentations related to their obligations and fulfilling them, the lien holder repossessed the Ford Truck, and Defendants kept Plaintiffs' $85,000.

173.    A justiciable controversy exists and it is necessary for the Court to determine and declare the rights of the parties, including, but not limited to the agreement for the sale of the Ford Truck.

174.    Plaintiffs have suffered damages as a result of Defendants' conduct. Plaintiffs have suffered compensatory damages in the amount of his consideration, monies for upgrades put into the Ford Truck, and other expenses, as well as consequential damages in loss of use and other indirect and foreseeable damages in an amount in excess of $75,000.

175.     As a direct and proximate result of Defendants' actions, which were characterized by fraud, oppression, or malice, express or implied, Plaintiffs are entitled to an award of punitive damages, in an amount to be proven at trial but no less than three times Plaintiffs' actual damages.

176.    Plaintiffs have been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred, including attorney fees as special damages because: (1) Plaintiffs are involved in this legal dispute as a result of breach of contract or tortious conduct related to taking of the $85,000, failing to pay off the lien, provide clear title, or return the funds; (2) Plaintiffs are seeking to recover personal property in the way of $85,000 the Defendants acquired through their wrongful

MAC:16880-001 4679367_3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

conduct detailed herein; and (3) this is a declaratory relief action compelled by Defendants' wrongful conduct, as detailed throughout this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and the following relief against Defendants:

1.     For declaratory relief;

2.     For an award compensatory damages;

3.     For an award of punitive damages;

4.     For an award of consequential damages;

5.     For an award of reasonable attorney fees, including as special damages, costs of suit, and interest; and

6.     For any further relief as the Court deems to be just and proper.

Dated this 8th day of April, 2022.

MARQUIS AURBACH

By   /s/ Tye S. Hanseen
    Tye S. Hanseen, Esq.
    Nevada Bar No. 10365
    10001 Park Run Drive
    Las Vegas, Nevada  89145
    Attorneys for Plaintiffs

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16880-001 4679367_3

**VERIFICATIONS**

I, Aljoshua Rullan, declare that I have read the foregoing Complaint for damages and other relief and know the contents thereof.  The facts alleged in the Complaint are true to the best of my understanding and knowledge, except for those matters therein alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8th, 2022.

_____
Aljoshua Rullan

I, Cheryl Rullan, declare that I have read the foregoing Complaint for damages and other relief and know the contents thereof.  The facts alleged in the Complaint are true to the best of my understanding and knowledge, except for those matters therein alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8th, 2022.

_____
Cheryl Rullan

Page 23 of 23

MAC:16880-001 4679367_3

**VERIFICATIONS**

I, Aljoshua Rullan, declare that I have read the foregoing Complaint for damages and other relief and know the contents thereof. The facts alleged in the Complaint are true to the best of my understanding and knowledge, except for those matters therein alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8th, 2022.

_____
Aljoshua Rullan

I, Cheryl Rullan, declare that I have read the foregoing Complaint for damages and other relief and know the contents thereof. The facts alleged in the Complaint are true to the best of my understanding and knowledge, except for those matters therein alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8th, 2022.

_____
Cheryl Rullan

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16880-001 4679367_3