UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALJOSHUA RULLAN and CHERYL RULLAN,<br><br>Plaintiffs,<br><br>v.<br><br>JONG MIN RHEE (aka JOHN LUSSO); LUSSO AUTO LLC dba LUSSO AUTO SPA & DESIGN and LUSSO AUTO DESIGN;<br><br>Defendants. | Case No.: 2:22-cv-00597-APG-EJY<br><br>**Order Granting, in Part, Motion for Summary Judgment**<br><br>[ECF No. 36] |

Plaintiffs Aljoshua Rullan and Cheryl Rullan move for summary judgment on their claims. ECF No. 36. The defendants have not responded. I will grant the motion in part because the Rullans have shown there are no disputed questions of material fact and they are entitled to judgment as a matter of law on their claims of fraud, breach of contract, and conversion.

The defendants failed to respond or object to the Rullans' requests for admissions. Therefore, those requests are deemed admitted and conclusively established. Fed. R. Civ. P. 36(a)(3), (b). Those admissions establish the following facts:

The parties reached an agreement for the plaintiffs to purchase an F-350 truck from the defendants. The plaintiffs performed their obligations under that contract by wiring $85,000 to the defendants for the purchase of the truck. The defendants delivered the truck to the plaintiffs. Believing they owned the truck, the plaintiffs spent over $4,000 to make modifications to it. The defendants did not pay off the lien that encumbered the truck. Thus, the defendants did not have, and never acquired or delivered to the plaintiffs, clear title to the truck. Over several months, the defendants made numerous misrepresentations to the plaintiffs about the status of the lien, the

title, and their efforts to pay off the lien and obtain and transfer clear title. But the defendants never intended to resolve the lien and transfer clear title. The defendants knew these representations were false and material, and they intended the plaintiffs to rely on them. Unaware of the falsity of these representations, the plaintiffs justifiably relied on them to their detriment. The truck was eventually repossessed by the lienholder. As a result of the defendants' false representations and breach of the contract to sell the truck, the plaintiffs have suffered damages. The defendants used the plaintiffs' $85,000 for their own purposes.

Based on these undisputed facts, as a matter of law the plaintiffs are entitled to summary judgment against the defendants on their clams of fraud, breach of contract, and conversion.

The plaintiffs also move for judgment on their other claims, which I deny. The plaintiffs offer no facts to demonstrate a breach of the implied covenant that are different from the facts supporting the breach of contract claim. Because a valid contract existed and the plaintiffs have prevailed on their breach of contract claim, they cannot maintain a claim for unjust enrichment. The plaintiffs have not offered legal support for a theory that a defendant could conspire with himself or commit the tort of concert of action with himself. *See* ECF No. 35 at 23 ("John, through his company, made numerous false representations over the course of the year . . . ."). And a declaratory judgment is superfluous and unnecessary given that the plaintiffs have prevailed on their substantive claims.

Based on the evidence submitted with the motion, I award compensatory damages as follows:

        $85,000 as the amount paid for the truck

        $4,113.66 for upgrades to the truck

        $58,000 for emotional damages

The plaintiffs also seek to recover their attorney fees, damages for loss of use, and prejudgment interest, but they have not sufficiently supported those requests.

The plaintiffs offer no legal basis for an award of their attorney fees. Nor do they attach any evidence (e.g., bills) to explain why the requested fees are reasonable. *See*, *e.g.*, Fed. R. Civ. P. 54(d) and Local Rule 54-14. Taxable costs are recoverable through Rule 54(d)(1) while non-taxable costs may be recovered under Rule 54(d)(2) and Local Rules 54-1 through 54-13. I will allow the defendants to supplement their motion if they can demonstrate a legal basis for recovery of their fees and non-taxable costs and provide the necessary evidentiary support. Or, they may file a motion to recover those amounts if available under Rule 54.

The plaintiffs offer insufficient evidence to support their request for damages for the loss of the use of the truck. The plaintiffs' "information and belief" about the rental value of the truck (ECF No. 36-4 at 1) is too speculative. I will allow the plaintiffs to supplement this request if they have evidence to support it.

The plaintiffs request an award of prejudgment interest, but they do not provide a legal basis for that request. They may supplement this request with citations to authority. If so, they also must provide a calculation of the amount they seek (including the interest rate used) and a per diem rate to be used between the time of their supplementation and entry of judgment.

The plaintiffs are entitled to punitive damages under Nevada Revised Statutes § 42.005. I will calculate and award those damages after the plaintiffs supplement their other damage requests as set forth above. The plaintiffs' supplemental brief, if filed, should address whether awards of attorneys' fees and prejudgment interest can be trebled under § 42.005. If the plaintiffs do not file a supplemental brief, I will award compensatory and punitive damages and enter judgment based on the amounts listed above.

I THEREFORE ORDER that the plaintiffs are entitled to summary judgment on their claims against the defendants for fraud, breach of contract, and conversion. The plaintiffs may file a supplemental brief, as explained above, by August 28, 2023. If they do not file a supplemental brief by that date, I will award compensatory and punitive damages and enter judgment based on the amounts listed above.

DATED this 7th day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE